IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Roderick L. Simpson, | ) | Case No.: 4:21-cv-00257-JD-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION & ORDER** |
| Warden Knight, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III ("Report and Recommendation" or "Report"), made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) of the District of South Carolina.[1]  Petitioner Roderick L. Simpson ("Simpson" or "Petitioner"), proceeding *pro se*, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.  Plaintiff is in the custody of the Bureau of Prisons ("BOP") and located at Federal Correctional Institution Estill ("FCI Estill").

Simpson filed this Petition against Warden Knight ("Knight" or "Petitioner") seeking habeas relief pursuant to 28 U.S.C. § 2241, asserting that the BOP is violating his federal constitutional rights by failing to "apply his earned time credits" under the First Step Act of 2018 ("FSA") for his participation in "Evidence-Based Recidivism Reduction Programming" ("EBRR

---

[1]     The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The Court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Programming") on January 27, 2021.  (DE 1.)  The Petitioner contends that he is entitled to 365 days of credit. (DE 1, p. 9.)

On April 1, 2021, Knight filed a Motion to Dismiss or for Summary Judgment alleging *inter alia* that Petitioner failed to exhaust administrative remedies before seeking federal court review.  (DE 16.)  The Magistrate issued a Roseboro Order on April 12, 2021, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir.1975), advising the Petitioner of the motion and the possible consequences if he failed to respond adequately.  (DE 17.)  Petitioner did not file a response but filed a Motion for Summary Judgment on April 12, 2021.  (DE 19.)

On July 8, 2021, the Magistrate Judge issued a Report recommending that Respondent's Motion for Summary Judgment be granted, and Petitioner's claim be dismissed for failure to exhaust administrative remedies.  The Report also recommends that Petitioner's Motion for Summary Judgment be denied.  (DE 23.)

The Petitioner filed no objections to the Report and Recommendation.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).  After a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report and Recommendation and incorporates it herein.

**IT IS, THEREFORE, ORDERED** that Respondent's Motion to Dismiss or for Summary Judgment (DE 16) is granted, and Petitioner's Petition for Writ of Habeas Corpus is dismissed.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Summary Judgment (DE 19) is denied.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied because Defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**AND IT IS SO ORDERED.**

Joseph Dawson, III
United States District Judge

Greenville, South Carolina
August 5, 2021

## NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.